UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 20-43737

PRINCETON J. THOMAS,  Chapter 13

        Debtor.  Judge Thomas J. Tucker
_____/

**ORDER DETERMINING THAT THE DEBTOR *WILL* BE ELIGIBLE
FOR A DISCHARGE IN THIS CHAPTER 13 CASE**

      On March 13, 2020, the Debtor filed a voluntary petition for relief under Chapter 13, commencing this case. On March 14, 2020, the Debtor filed an affidavit stating, "I understand and acknowledge that I am not entitled to receive a discharge in this Chapter 13 bankruptcy proceeding due to my prior Chapter 7 case being filed on or about February 28, 2018 pursuant to the U.S. Bankruptcy Code." (Docket # 5.) On March 20, 2020, the Debtor filed a Chapter 13 Plan, in which the Debtor checked the box at Paragraph II.D. on page 2, which states that "if the box to the immediate left is 'checked', the debtor acknowledges that debtor **is not** eligible for a discharge pursuant to 11 [U.S.C.] § 1328." (Docket # 12.)

      The Debtor received a Chapter 7 discharge in Case No. 18-53293 in the Bankruptcy Court for the Northern District of Georgia (Atlanta), on September 19, 2018. That case was originally filed as a Chapter 13 case, on February 28, 2018. The case was converted to Chapter 7 on June 5, 2018. The voluntary petition in the present case was filed on March 13, 2020, more than 2 years after Case No. 18-53293 was filed. (The date of the order for relief in the present case also was March 13, 2020. *See* 11 U.S.C. § 301(b).)

      Despite the Debtor's affidavit and Chapter 13 Plan, the Court finds that under 11 U.S.C. § 1328(f), the Debtor is eligible for a discharge in this Chapter 13 case. While it is true that the Debtor received a discharge in a prior Chapter 7 case, that case was originally filed under Chapter 13, and therefore § 1328(f)(2),[1] rather than § 1328(f)(1) applies. Because this Chapter

---

[1] Section 1328(f) provides:

> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--
>
> > (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or

13 case was filed more than 2 years after the date of the order for relief in the case in which the Debtor received a Chapter 7 discharge, the Debtor is eligible for a discharge in this case.

      IT IS ORDERED that the Court determines that the Debtor will be eligible for a discharge in this Chapter 13 case.

**Signed on March 30, 2020**



/s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge

---

      (2) in a case **filed under chapter 13 of this title** during the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f) (emphasis added).